IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES RAY WARD,<br><br>                Plaintiff<br><br>VS.<br><br>FREDERICK HEAD, *et al.*,<br><br>                Defendants | NO. 5:03-CV-230 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Plaintiff JAMES RAY WARD is an inmate in the custody of the State of Georgia. He has sued defendants FREDERICK HEAD, DANA SMITH, LIEUTENANT EDWARD YOUNGBERG, TONYA STAFFORD, JACKIE BEDSOLE, BJ MURPHY, JOHN DOE, and JANE ROW alleging that the defendants violated his constitutional rights while he was incarcerated at Georgia Diagnostic and Classification Prison in Jackson, Georgia. Plaintiff claims that the defendants retaliated against him because of grievances he filed against them. He claims that grievances concerning the opening of his mail were summarily denied out of retaliation without due process and that the defendants treated him inhumanely as a result of his filing grievances.[1]

Before the court is the **MOTION FOR SUMMARY JUDGMENT** filed by the defendants. Tab #56. This motion is supported by a brief, affidavits, and various other documents. The court advised the plaintiff of said motion and of his duty to respond properly thereto. Tab #60. The plaintiff has filed a response to the defendants' motion. Tabs #61. In entering this order, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

---

[1] In his complaint, plaintiff also filed claims for loss of property and to protest his housing assignment. These claims were dismissed by the district judge on September 23, 2004. Tab #36. Since the district judge entered his order, plaintiff has attempted to amend his complaint to add these same claims and other claims. As a responsive pleading has been filed on behalf of the defendants, and because they do not consent to any amended complaint, any proposed amendment is **DENIED**.

LEGAL STANDARDS
**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION

In his complaint, plaintiff alleges that the defendants retaliated against him because of various grievances that he filed. Plaintiff claims that as a result of the grievances he filed, he was denied due process as they were summarily denied and that he was treated inhumanely.

It is well settled that prison officials are to be afforded wide discretion in the exercise of their duties. *See, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979). In *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989), the court specifically reiterated that conduct that is not ordinarily offensive to the Constitution will be offensive if done in retaliation for filing lawsuits and administrative grievances. However, simply crying "retaliation" whenever a prisoner does not agree with or like a decision made by prison officials is insufficient to state a claim for a constitutional violation under §1983. Instead, the prisoner must come forward with sufficient evidence to merit continuation of his lawsuit. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995).

In the present case, the plaintiff has failed to come forward with any evidence to show a retaliatory motive on the part of the defendants. He has submitted no evidence beyond his own conclusory allegations. To survive a properly supported summary judgment motion, more must be shown.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

A review of the evidence submitted by the defendants shows that they did not retaliate against plaintiff because of grievances he filed against them. Nor did they treat him inhumanely. The defendants aver that in order to maintain safety and security in the prison, employees search all prison mail for content. Any mistakes in the mail handling process were due to miscommunication. Therefore, any search of plaintiff's mail was not to target or single him out. Also, when plaintiff filed grievances concerning the handling of his mail, each claim was investigated and handled in the same manner as all other grievances. Plaintiff was also provided with an opportunity to be heard. Because the defendants had valid reason for searching plaintiff's mail and did not retaliate against him for the filing grievances, they are entitled to summary judgment.[3]

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #56) be **GRANTED**.[4] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED, this 27th day of SEPTEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Also before the court are plaintiff's requests for injunctive relief. Tabs #53 and #57. Considering these motions in light of the foregoing recommendation, IT IS FURTHER RECOMMENDED that they be **DENIED**.

[4] The undersigned has declined to address the defendants' remaining arguments.